## Noyes *vs.* Ray.

When land incumbered by mortgage is sold by the mortgagor at full value, bond for titles given, and a negotiable note taken for the whole price, and a third person, with notice of all the facts, buys the note before due, at its value less the amount of the mortgage, and afterwards buys in the land at the mortgage sale, such third person cannot hold on to the land as his own and also collect the note, or the balance thereof after deducting what the land brought at the mortgage sale. He cannot do this although the bond for titles contained a direction from the obligor to the obligee to discharge the mortgage out of the price covered by the note, and although the obligee neither complied with this direction nor tendered payment of the note at maturity, nor afterwards, so as to supply a fund to protect the land. On the facts in evidence, the holder of the note is in no better situation than if he were himself the payee thereof, the mortgagor, the maker of the bond for titles and the purchaser at the mortgage sale.

Bond for title. Mortgage. Negotiable instruments. Before Judge UNDERWOOD. Polk Superior Court. February Term, 1879.

On November 29th, 1876, Mattie C. Carroll agreed to sell to Ray a lot of land for $500.00, took his negotiable note for that sum, due November 1st, 1877, bearing interest from date, and executed her bond for title containing the following provisions:

" Now if the said Mattie C. Carroll shall convey, or cause

to be conveyed, to the said Linton G. Ray, or to such uses and to such persons as he may appoint or direct, free from all mortgages or incumbrances, by such conveyance as the said Linton G. Ray may reasonably demand, upon the payment by the said Linton G. Ray of his promissory note, so given by him as aforesaid as the consideration for the purchase of said house and lot, then this bond to be void, else to remain of full force. I, the said Mattie C. Carroll, hereby direct that the said Linton G. Ray may first pay off and take up my promissory note given to A. Huntington, March 10th, 1876, for $150.00, and bearing interest at the rate of 12 per cent. per annum, due January 1st, 1877, said note being secured by mortgage deed executed on March 10th, 1876, for the better securing the payment of said note. Said mortgage covers the aforesaid described premises."

Whilst the note given by Ray for the land was held by Mrs. Carroll, the payee, he paid about $79.00 thereon. She then, on January 5th, 1877, transferred it to Noyes, he paying about $270.00 therefor, the amount of the credits and of the debt to Huntington, with interest. referred to in the bond, being deducted. He took with full notice of the mortgage, the bond and all its terms. Subsequently the mortgage was foreclosed, and the property sold, Noyes becoming the purchaser for $220.00. This amount he credited on the Ray note. The latter being dispossessed by the sale, declined to make any further payment, and Noyes brought suit for the balance. The jury found for the defendant. Noyes moved for a new trial because the verdict was contrary to the evidence and the law. The motion was overruled, and he excepted.

BLANCE & KING, by E. N. BROYLES, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Justice.

Certain land belonged to Mrs. Carroll. Huntington held

a mortgage on it to secure a debt which she owed him. Mrs. Carroll sold the land for full value to Ray, taking his negotiable note for the price, and giving him her bond for titles. In the bond she referred to the mortgage and directed Ray to pay it off, giving the direction in a way to imply that so much of the price included in the note as was necessary to discharge the mortgage should or might be so applied by Ray. Mrs. Carroll sold and transferred the note to Noyes, who paid for it, not full value, but its value less the mortgage debt. Noyes bought with notice of the mortgage and of all the facts which control Ray's rights, whatever they are, as against Mrs. Carroll. The mortgage was not paid. It was foreclosed, and the land was sold under the judgment of foreclosure, Noyes being the purchaser. He, retaining the land thus acquired, brought suit against Ray upon the note, his claim being for the balance after deducting what the land sold for at the mortgage sale. The question is, can he recover?

He stands in Mrs. Carroll's shoes, having taken the note from her with notice of all the facts. The land was sold away from Ray, not as his property or to pay his debt, but as Mrs. Carroll's property and to pay her debt. Suppose she had not transferred the note, and had herself purchased the land when sold as her property at the mortgage sale, and then dispossessed Ray, could she have collected any part of the note without restoring the consideration for which it was given, that is, the land? Surely not. We can see no propriety in making the amount which the land brought at the sale the measure of Ray's credit on the note. If the land had been sold as his, under process against him, what it brought would have been his money; but as it was sold under a mortgage *fi. fa.* against Mrs. Carroll, as her property, what it brought was Mrs. Carroll's money, and there is no reason for treating that money as standing in lieu of the land, relatively to Ray. What he stipulated to get was the land, free from incumbrances, not the proceeds of a sale of the land under an incumbrance. The only

fact against him is that, under the direction given him in Mrs. Carroll's bond for titles, he ought to have paid off the mortgage and protected the property, taking credit on his note for the amount so paid; but to make him forfeit the land, or some arbitrary part of its value, for omitting to do this, would be too harsh. The direction in the bond, considering that the mortgage would mature before Ray's note became due, is to be looked at, perhaps, as more in the nature of a permission than a command. Even treating Ray as having covenanted to discharge the mortgage by the application to it of a part of the purchase money which he was to pay for the land, the breach of his covenant should be followed by his accounting for the actual damages which resulted from it, and not by his exclusion from all interest in the land through a purchase of the land at the mortgage sale by Mrs. Carroll, or Noyes, her transferee. If some other person had been the purchaser at that sale, or if Noyes stood exempt from the restraints that would have rested on Mrs. Carroll had she not transferred the note, we might see the way to a different conclusion; but as it is, the verdict was correct, and there was no error.

Judgment affirmed.